IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WAUTASH GRILLETT | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-118 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Wautash Grillett, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges the constitutionality of a prison disciplinary proceeding in case number 20210170909. Following a disciplinary hearing on May 5, 2021, Petitioner was found guilty of establishing a relationship with an officer. Plaintiff was sanctioned with 45 days of recreation and commissary restriction; 60 days of telephone restriction; his good time earning class was reduced; and his custody status was changed. Petitioner appealed the disciplinary conviction through the inmate grievance procedure, but his grievances were denied at both steps.

The Petition

Petitioner contends that he is actually innocent of the disciplinary charge. Petitioner alleges that he was not allowed to present his bank records at the disciplinary hearing which he claims would

have supported his claim of innocence. Petitioner contends that the charging officer's testimony was the only evidence supporting the Disciplinary Hearing Officer's finding of guilt. Petitioner claims the Disciplinary Hearing Officer was biased. Finally, Petitioner alleges there was not an available administrative remedy to appeal the disciplinary convictions because his grievances received generic denials.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). With respect to disciplinary proceedings, protected liberty interests are limited to those punishments that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. As a general rule, the only sanction that imposes upon a liberty interest of an inmate confined in TDCJ-CID is the loss of good time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

Petitioner reports that he is not eligible for release on mandatory supervision. In addition, Petitioner did not forfeit good time credits as a result of the disciplinary action. Because the punishment imposed will not affect Petitioner's release to mandatory supervision, it did not impose an atypical or significant hardship in relation to ordinary prison life. As a result, prison officials were not required to afford Petitioner with the procedural safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), before assessing punishment. Therefore, the Petition should be denied.

Recommendation

This Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE