| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

WAUTASH GRILLETT, §
　　　　　　　　　　　　　　　　§
　　　　　　　Petitioner, §
　　　　　　　　　　　　　　　　§
*versus* 　　　　　　　　　　　§　　CIVIL ACTION NO. 9:22-CV-118
　　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　　§
　　　　　　　Respondent. §

**ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Wautash Grillett, a prisoner confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the Petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's report and recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. For the reasons stated in the magistrate judge's Report and Recommendation, Petitioner's claim that he was denied due process in a disciplinary proceeding lack merit.

Petitioner claims that he had a liberty interest in his custodial classification, and his custody level was reduced without following prison policies. In general, inmates do not have a protected property or liberty interest in their custodial classifications. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). The Constitution itself "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Federal courts will not interfere with classification decisions except in extreme circumstances. *Hernandez*, 522 F.3d at 562; *Jackson v. Cain*, 864 F.2d 1235, 1247-48 (5th Cir. 1989); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). Petitioner has not demonstrated that he was subject to extreme or harsh conditions of confinement as a result of his custody level. Further, to the extent that Petitioner claims prison policies were violated, he is not entitled to relief because the failure of prison officials to follow prison policies does not rise to the level of a constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012).

Finally, Petitioner requests the court to construe the Petition as a civil rights action under 42 U.S.C. § 1983. Because Petitioner has not identified any violations of his constitutional rights, his civil rights claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e).

Additionally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### ORDER

Accordingly, Petitioner's objections (#7) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the magistrate judge (#5) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 18th day of April, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE